UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------

NATHAN ZALTA,                                          Civil No:

                Plaintiff,          **COMPLAINT FOR
VIOLATIONS OF THE
TELEPHONE CONSUMER
PROTECTION ACT**

    -against-

CITIBANK, INC.

               Respondents.

---------------------------------------------------------------

Plaintiff NATHAN ZALTA ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Complaint against Defendant CITIBANK, INC. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiffs brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.  The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent.  Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. Even if prior consent was given, a consumer has a right to revoke that consent. *See, Gager v. Dell Financial Services, LLC*, 727 F.3d 265 (3rd Cir. 2013).

4. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques."  *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9).  Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

## <u>PARTIES</u>

5. Plaintiff is a resident of the State of New Jersey, Monmouth County.

6. Defendant CITIBANK, INC. ("Citi") is a corporation with its principal place of business located in New York, New York.

## <u>JURISDICTION AND VENUE</u>

7.  The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9.  Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. Sometime prior to September of 2017, Plaintiff allegedly incurred a debt to Citi.

11. Soon thereafter, Citi began a campaign of calling Plaintiff's cellular telephone number of (347) 749-5580, via the use of automated telephone dialing system and with pre-recorded messages.

12. The calls were coming several times a day from several phone numbers including, 800-388-2200, 866-594-7355, and 800-447-8144.

13. A large majority of the calls included a pre-recorded voicemail which stated:

> "Thank you for being part of the Citibank family, we know you are busy but if you could please take a few minutes to log in at www.citicards.com to review your account status it would be appreciated. If you would prefer to call us please feel free to as it is always great to get a chance to speak with one of our valued clients. Our toll free number is 1-800-388-2200. Once again thanks for being a valued Citibank customer."

14. On or about September 17, 2017, Plaintiff called Citi, told them his name and phone number, and emphatically told the representative that he does not want any more calls.

15. Furthermore, the representative stated that she was not able to answer Plaintiff's question about the account, because he was not on the account.

16. Despite the request of the Plaintiff, Defendant has continued their campaign of calling the Plaintiff's cellular telephone, on some occasions several times a day.

17. The Federal Communications Commission ("FCC") in a declaratory ruling released on July 10, 2015 confirmed the long standing principal that "consumers may revoke consent at any time and through any reasonable means." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, et al.* , CG Docket No. 02-278, WC Docket No. 07-135, Declaratory Ruling and Order, 30 FCC Rcd 7961 ¶ 56 (2015); *id.*¶ 70.

18. The FCC's declaratory ruling was in line with the Third Circuit's holding in *Gager v. Dell Financial Services, LLC* , 727 F.3d 265 (3d Cir. 2013), which held that express consent may be revoked under the TCPA. *Id.* at 267.

19. The *Gager* decision was not only adopted by the FCC, the government body charged with enforcing the TCPA, but also by a considerable amount of courts around the country including the Eleventh Circuit. See *Osorio v. State Farm Bank, FSB*, 746 F.3d at1252 (11th Cir. 2014)(*quoting Gager*, 727 F.3d at 270) ("'in light of the TCPA's purpose, any silence in the statute as to the right of revocation should be construed in favor of consumers.")

20. Plaintiff is the customary and sole user of the cellular phone number (347) 749-5580, and has been the customary and sole user of that phone number at all times relevant hereto.

21. Defendant specifically used an automated telephone dialing system to call Plaintiff

on at least two hundred (200) occasions.

22. By placing auto-dialed calls to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the Plaintiff's cell phone.

23. The Respondent's repeated calls caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The repeated calls further interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls.

24. Respondent's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

25. As a result of Respondent's violations of the TCPA, Plaintiff have been damaged and is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

26. Plaintiff repeat and incorporate by reference all of the above paragraphs of the Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendantconstitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

28. As a result of Respondent's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

29.  As a result of Respondents' violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

A.  For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

B.    Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Respondents' willful violations of the TCPA;

C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: April 27, 2018

Respectfully submitted,

By: */s/ Yitzchak Zelman_____*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone:    (732) 695-3282
Facsimile: (732) 298-6256
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 27, 2018                         _/s/ Yitzchak Zelman_____

                                              Yitzchak Zelman, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 27, 2018                         _/s/ Yitzchak Zelman_____

                                              Yitzchak Zelman, Esq.